IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN ANDERSON,

   Plaintiff,

v.                                Case No. 3:26-CV-404

LANGENBERG LAW OFFICES, PC,

   Defendant.

## ANSWER

Defendant Langenberg Law Offices, PC ("Langenberg"), by counsel, states as follows for its Answer to Plaintiff's Complaint:

### Preliminary Statement

In response to the "Preliminary Statement" contained in the Complaint, Langenberg notes that a Plaintiff "Joy Griffith" is mentioned. Langenberg has no knowledge or involvement with "Joy Griffith," and "Joy Griffith" is not the Plaintiff in the instant case. In further response to Plaintiff's Preliminary Statement, Langenberg denies that it violated the Fair Debt Collection Practices Act ("FDCPA"), denies that it engaged in "abusive, deceptive and unfair practices," and denies that Plaintiff Brian Anderseon has sustained actual or statutory damages, or any damages, as a result of any action or alleged omission on Langenberg's part.

### Jurisdiction, Venue, and Jury Demand

1.     Langenberg avers that paragraph 1 of the Complaint states a legal conclusion, thereby requiring no response. To the extent a response is required, Langenberg states that it is not challenging the Court's exercise of jurisdiction over this matter. Langenberg denies that it violated the FDCPA.

2.      Langenberg avers that paragraph 2 of the Complaint states a legal conclusion, thereby requiring no response. To the extent a response is required, Langenberg denies that it violated the FDCPA and denies that Plaintiff is entitled to declaratory relief or any other relief.

3.      Langenberg avers that paragraph 3 of the Complaint states a legal conclusion, thereby requiring no response. To the extent a response is required, Langenberg states that it is not challenging venue in this matter. Langenberg denies that it violated the FDCPA.

4.      Langenberg avers that paragraph 4 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, Langenberg states that it is not challenging venue in this matter. Langenberg denies that it violated the FDCPA.

5.      In response to paragraph 5 of the Complaint, Langenberg denies that there are any matters triable by jury in this case.

### Parties

6.      Langenberg admits the allegations contained in paragraph 6 of the Complaint.

7.      Langenberg avers that paragraph 7 of the Complaint states a legal conclusion, thereby requiring no response. To the extent a response is required, Langenberg avers that it does not challenge Plaintiff's classification as a "consumer" under the facts of this case. Langenberg denies that it violated the FDCPA.

8.      Langenberg admits the allegations contained in paragraph 8 of the Complaint.

9.      Langenberg admits the allegations contained in paragraph 9 of the Complaint.

10.     Langenberg admits the allegations contained in paragraph 10 of the Complaint.

11.     Langenberg admits the allegations contained in paragraph 11 of the Complaint.

12.     Langenberg avers that paragraph 12 of the Complaint states a legal conclusion, thereby requiring no response. To the extent a response is required, Langenberg avers that it does

not challenge its classification as a "debt collector" under the facts of this case. Langenberg

denies that it violated the FDCPA.

**Facts**

13.     In response to paragraph 13 of the Complaint, Langenberg admits that Plaintiff

incurred debts with Raintree of Spotsylvania Homeowners Association. Langenberg avers that

the remaining allegations in paragraph 13 of the Complaint state legal conclusions, thereby

requiring no response. To the extent a response is required, Langenberg admits that the FDCPA

applies to Plaintiff's Raintree debts under the facts of this case. Langenberg denies that it

violated the FDCPA.

14.     Langenberg admits the allegations contained in paragraph 14 of the Complaint.

15.     Langenberg admits the allegations contained in paragraph 15 of the Complaint.

16.     Langenberg admits the allegations contained in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Langenberg admits that it sent a

letter dated April 1, 2026 to the Plaintiff. Langenberg avers that it has in place procedures

reasonably adapted to identify debtors who are represented by counsel, but it inadvertently failed

to make that notation in its system regarding Plaintiff before the April 1, 2026 letter was

prepared and sent. Langenberg also avers that, in addition to Plaintiff's counsel communicating

with Langenberg, Plaintiff himself had reached out to Langenberg to request information, which

further confused the situation.

18.     In response to paragraph 18 of the Complaint, Langenberg admits that it sent a

letter dated April 1, 2026 to the Plaintiff. Langenberg avers that the letter speaks for itself. A

copy of the letter is **attached**.

19.     Langenberg denies the allegations contained in paragraph 19 of the Complaint.

3

20.     Langenberg denies the allegations contained in paragraph 20 of the Complaint.

21.     Langenberg denies the allegations contained in paragraph 21 of the Complaint.

**Count One: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p**

22.     In response to paragraph 22 of the Complaint, Langenberg incorporates its responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

23.     Langenberg denies the allegations contained in paragraph 23 of the Complaint, including sub-paragraphs (a) through (g).

24.     Langenberg denies the allegations contained in paragraph 24 of the Complaint.

25.     Langenberg denies the allegations contained in the unnumbered paragraphs of the Complaint.

### FIRST DEFENSE

26.     Langenberg denies all allegations not specifically admitted herein.

### SECOND DEFENSE

27.     Langenberg denies that it is indebted to the plaintiff in the amount claimed or in any amount, for the reasons stated or for any reason.

### THIRD DEFENSE

28.     Langenberg denies that it committed any act or omission that violates applicable law regarding debt collection activities, including the FDCPA.

### FOURTH DEFENSE

29.     Langenberg avers that it cannot be liable to the Plaintiff under the facts and circumstances of this case because any violation of the FDCPA that ultimately may be proven was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c).

**FIFTH DEFENSE**

30.     Langenberg avers that any error made in any letter sent to Plaintiff was immaterial and, as such, did not constitute a violation of the FDCPA.

**SIXTH DEFENSE**

31.     Langenberg denies that any actions or omissions on its part have caused Plaintiff to incur any damages.

**SEVENTH DEFENSE**

32.     Langenberg denies that Plaintiff has incurred any actual damages as a result of the alleged violations by Langenberg of the FDCPA.

**EIGHTH DEFENSE**

33.     Langenberg denies that Plaintiff was damaged in the amount and to the extent alleged in the Complaint.

**NINTH DEFENSE**

34.     Langenberg reserves the right to rely upon any and all other proper and provable defenses that may be revealed through investigation, discovery or the presentation of evidence, and to amend this Answer at any time it be so advised.

WHEREFORE, Defendant Langenberg Law Offices, PC, by counsel, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, at Plaintiff's cost, and for such other and further relief as the Court deems just and equitable.

5

**LANGENBERG LAW OFFICES, PC**

By Counsel

/s/ Julie S. Palmer
Julie S. Palmer (VSB No. 65800)
Laura M. Berry (VSB No. 95697)
Counsel for Langenberg Law Offices, PC
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
lberry@hccw.com

## C E R T I F I C A T E

I hereby certify that on the 5th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
10307 W. Broad Street, Suite 293
Glen Allen, VA 23060
JKrumbein@KrumbeinLaw.com

/s/ Julie S. Palmer
Julie S. Palmer (VSB No. 65800)
Laura M. Berry (VSB No. 95697)
Counsel for Langenberg Law Offices, PC
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
lberry@hccw.com